### TAYLOR v. MORTON B. SMITH CO.

(Supreme Court, Appellate Term, First Department. June 18, 1914.)

SALES (§ 1*)—CONSTRUCTION—METHOD OF SETTLEMENT.

An oral contract for the purchase of old rails, which stipulated that settlement was to be made in accordance with written reports of mill or other consignee at destination, without further proof or identification of kind, quantity, etc., pursuant to which deductions or rejections should be made, and that the rails should be subject to the buyer's inspection through mill or consignee, sufficiently described the mills or consignees and the fact that the orders for shipment required the seller merely to deliver the rails f. o. b. cars did not affect or invalidate the provision for settlement according to the reports.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1, 3–5; Dec. Dig. § 1.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

---

Action by Robert W. Taylor against the Morton B. Smith Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued June term, 1914, before SEABURY, BIJUR, and PAGE, JJ.

Merrill & Rogers, of New York City (Alfred H. Holbrook, of New York City, of counsel), for appellant.

Charles J. Kelaher, of New York City, for respondent.

BIJUR, J. Defendant, a dealer in old rails, purchased from plaintiff several quantities of such rails. Each order or contract contained a stipulation to the effect that the rails were to be usable, i. e., they were described as "relaying," and that settlement was to be made "in accordance with facts shown by. written report on letter head of mill or other consignee at destination, such report to be best evidence without further proof or identification of quantity, quality, size, etc., of shipment, pursuant to which deductions or rejections shall be made." There was a further provision: "The material purchased on this contract is subject to our inspection through mill or other consignee at destination." The learned court below was of opinion that the reports thus offered in evidence were not competent as "not binding on the plaintiff," because the orders or contracts did not disclose the name of any consignee or mill, but were for delivery f. o. b. cars at Garrison and Poughkeepsie, N. Y., respectively.

As I read these contracts, however, even without the elucidation offered by the testimony of plaintiff and defendant, it is quite evident that both parties understood that these rails were purchased by the defendant, a dealer in second-hand iron, for shipment to and use by various mills or consignees. The terms of the contract sufficiently designate such mill or other consignee, and the fact that the orders for shipment given by the defendant required plaintiff merely to deliver the rails f. o. b. cars, without naming the consignee, do not affect the validity of the agreement or its meaning. It is not disputed that the parties were at liberty to make such agreement as suited them governing the character or quality of evidence to be adduced regarding the goods covered by their agreement. I think that the reports offered in evidence by the defendant should have been admitted.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.